United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE TENDERLOIN HEALTH,

    Debtors,

                                 /

E. LYNN SCHOENMANN,

    Appellant,

    v.

BANK OF THE WEST,

    Appellee.

                                 /

No. C 13-03992 JSW

**ORDER AFFIRMING BANKRUPTCY COURT**

This matter comes before the Court upon consideration of the appeal filed by E. Lynn Schoenmann ("Trustee") from the Bankruptcy Court's Order granting a motion for summary judgment filed by Bank of the West ("BOTW") in an adversary proceeding captioned *Schoenmann v. Bank of the West*, AP No. 12-03171 (the "Adversary Proceeding").

Pursuant to Civil Local Rule 16-4, the Court deems this case submitted on the papers without oral argument. After review of the record on appeal, consideration of the parties' papers, and the relevant legal authority, the Court hereby AFFIRMS the Bankruptcy Court's ruling on BOTW's motion for summary judgment.

**BACKGROUND**

The following facts are undisputed, unless otherwise noted. In May 2009, BOTW extended a $200,000 revolving line of credit to the debtor, Tenderloin Health ("Debtor"). In

1     August 2011, BOTW loaned Debtor an additional $100,000. These loans were secured by
2     Debtor's personal property, including its deposit accounts with BOTW. (Trustee's Excerpts of
3     Record ("Trustee EOR"), Tab 5, Request for Judicial Notice, Exhibit E, Declaration of Hazim
4     Elbgal ("Elbgal Decl."), ¶¶ 4-7, Exs. A-D.)[1]

5     On April 11, 2012, Debtor sold its only real property for approximately $1,295,000.00.
6     On April 21, 2012, Debtor's deposit accounts with BOTW had a balance of $173,015.00.

7     On June 13, 2012, escrow closed on the sale of Debtor's real property (the "Transfer
8     Date"). On that day, Debtor used a portion of that sale to pay off the $190,595.50 it owed
9     BOTW (the "Debt Payment"). (Elbgal Decl., ¶ 9; Trustee EOR, Tab 8, Declaration of David
10    Hernandez ("Hernandez Decl."), ¶ 3.) On that same day, Debtor transferred proceeds of the
11    sale in the amount of $526,402.05 into its deposit accounts with BOTW (the "Deposit
12    Payment"). (Hernandez Decl., ¶ 3.) Immediately prior to the simultaneous Debt Payment and
13    the Deposit Payment, Debtor's deposit accounts had a balance of $51,844.11. After the Debt
14    Payment and Deposit Payment, those accounts had a balance of $576,603.03. (Elbgal Decl., ¶¶
15    16-17, Exs. K-L; Trustee EOR, Tab 9, Supplemental Declaration of Hazim Elgbal, ¶¶ 4-5, Ex.
16    A.)

17    On July 20, 2012, Debtor filed its voluntary petition for bankruptcy relief under Chapter
18    7 of the United States Bankruptcy Code (the "Petition Date").

19    On December 12, 2012, Trustee filed the Adversary Proceeding against BOTW, in
20    which the Trustee alleged the Debt Payment was a preferential transfer. (Trustee EOR, Tab 1,
21    Complaint.) On June 27, 2013, BOTW moved for summary judgment. It presented two
22    theories in support of its argument that the Trustee would not be able to establish an essential
23    element of her preference claim. First, BOTW argued that in a hypothetical liquidation
24    proceeding, in which the Debt Payment was not made, the Debtor's deposit accounts contained
25    sufficient funds on the Petition Date to satisfy its debt to BOTW in full. Second, BOTW argued
26    that even if its lien on the deposit accounts was partially avoidable, it had a right of set-off

---

[1] Trustee's Excerpts of Record are located at Docket Nos. 11-1 through 11-17.

2

1  which would have enabled it to receive the same amount in a hypothetical liquidation
2  proceeding as it did from the Debt Payment.
3      On July 31, 2013, following a hearing, the Bankruptcy Court granted BOTW's motion.
4  (Trustee EOR, Tab 10 ("Tentative Ruling"), Tab 11 (Transcript of Hearing ("Tr.")), Tab 12
5  (Order Granting Motion for Summary Judgment ("Order")).)  The Bankruptcy Court found the
6  BOTW's right to set-off argument persuasive, and granted summary judgment in BOTW's
7  favor.  The Bankruptcy Court summed up its reasoning as follows:

> [BOTW] could have asserted a right to setoff in a hypothetical Chapter 7 liquidation in which the Debt Payment had not been made.  Since there would have been sufficient funds in the Deposit Account to satisfy [BOTW's] claim in full, [BOTW] would have received the same in the hypothetical liquidation as it did as a result of the Debt Payment.  Because of this, [Trustee] cannot establish at least one necessary element of her preference claim.

12  (Tentative Ruling at 6:1-9.)
13      The Trustee filed a timely notice of appeal and elected to proceed before this Court.  The
14  Court will address additional facts as necessary in its analysis.

## ANALYSIS

**A.    Standard of Review.**

> [A district court may] affirm, modify, or reverse a bankruptcy judge's judgment, order or decree or remand with instructions for further proceedings.  Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of witnesses.

21  Fed. R. Bankr. P. 8013.
22      The Court reviews the bankruptcy court's findings of fact for clear error, and it reviews
23  the bankruptcy court's conclusions of law *de novo.  See In re Part-Helena-Corp.*, 63 F.3d 877,
24  880 (9th Cir. 1995).

**B.    The Court Affirms the Bankruptcy Court.**

26      Trustee argues that the Bankruptcy Court's decision to grant summary judgment in
27  BOTW's favor was erroneous, because it failed to recognize that the Deposit Payment also was

3

1  an avoidable preference.  In order to prevail on her preference claim, Trustee was required to
2  show the Debt Payment was:
3  //

4      (1) to or for the benefit of a creditor; (2) for or on account of an antecedent debt owed by the debtor before such transfer was made; (3) made while the debtor was insolvent; (4) made ... on or within 90 days before the date of filing of the petition ...; and (5) that enables such creditor to receive more than such creditor would receive if (A) the case were a case under chapter 7 of this title; (B) the transfer had not been made; and (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

9  11 U.S.C. § 547(b) ("Section 547(b)").[2]

10      To meet her burden of proof on Section 547(b)(5), the Trustee was required to show that
11  BOTW "received a greater amount than it would have if the transfer had not been made and
12  there had been a hypothetical chapter 7 liquidation as of the petition date" (the "greater amount
13  test").  *In re Smith's Home Furnishings*, 265 F.3d 959, 963 (9th Cir. 2001) ("*In re Smith's*");
14  *see also In re LCO Enterprises*, 12 F.3d 938, 941 (9th Cir. 1993) ("greater amount test ...
15  requires the court to construct a hypothetical chapter 7 case and determine what the creditor
16  would have received if the case had proceeded under chapter 7").  Relying on *In re Smith's*,
17  Trustee argues that the Ninth Circuit has rejected the argument that a bank can set-off against
18  funds preferentially transferred into its collateral account.  The Court does not find this
19  argument persuasive.  As the Bankruptcy Court stated, *In re Smith's* case did not address the
20  right of set-off.

21      Trustee also argues that the Bankruptcy Court failed to recognize that in the hypothetical
22  liquidation proceeding contemplated by Section 547(b)(5)(A), the hypothetical trustee would
23  have sued to avoid the Deposit Payment as a preferential transfer.  Trustee that, as a result, there
24  would have been insufficient funds in the deposit accounts to satisfy BOTW's claim in full, and
25  the Bankruptcy Court's conclusion to the contrary was erroneous.

---

[2]     Trustee has the burden to show that each of these requirements is satisfied to avoid a transfer.  11 U.S.C. § 547(g).  As in the Bankruptcy Court, the parties focus their arguments on whether the Trustee met her burden of proof on the fifth element of her preference claim.

4

1    Section "547(b)(5) has been construed to mean that the court must determine the relative
2 positions of the creditors on the date the petition is filed." *In re LCO Enterprises*, 12 F.3d 938,
3 942 (9th Cir. 1993).  In that case, the plaintiff argued that rent payments made to a creditor
4 should be considered preferential transfers.  This argument was based on the theory that during
5 the hypothetical chapter 7 liquidation proceedings, a hypothetical trustee might have rejected
6 the lease that provided for the rent payments.  The Ninth Circuit rejected the plaintiff's
7 argument and held that "hypothetical chapter 7 analysis required by [Section] 547(b)(5) must be
8 based on the actual facts of the case." *Id.* at 940.  Because the plaintiff had, in fact, assumed the
9 lease in question, it could not meet its burden to show the creditor would have received more in
10 a hypothetical liquidation proceeding.  *Id.* at 942-44.

11    In this case, there is no evidence in the record to show that the Trustee sought to avoid
12 the Deposit Payment as a preferential transfer.  Applying the reasoning of *In re LCO
13 Enterprises*, the Court concludes that the Bankruptcy Court correctly applied the law to the
14 facts, as they existed, to evaluate whether BOTW had an independent right of set-off that
15 precluded the Trustee from prevailing on the preference claim.

16    Section 553 governs the right to set-off.  If BOTW had a right to set-off that was
17 independent of its security interest in the Deposit Account, it could exercise that right.  Further,
18 because Section 547 is not included in the list of exceptions set forth in Section 553, the
19 provisions of Section 547 would not impact the BOTW's right of set-off, *if* that right existed
20 independent of its security interest in the Deposit Account.  The Bankruptcy Court correctly
21 found that California law recognizes a bank's right to offset a depositor's accounts, *if* the debtor
22 and creditor owed each other mutual debts that arose prior to the commencement of the case.
23 *See Newberry Corp. v. Fireman's Fund Ins. Co.*, 95 F.3d 1392, 1398 (9th Cir. 1996); *Kruger v.
24 Wells Fargo Bank*, 11 Cal. 3d 352, 357 (1974).  The Bankruptcy Court found that Debtor's debt
25 to BOTW arose before the Petition Date, because of the Note.  It also found that BOTW's debt
26 to the Debtor arose on the Transfer Date, *i.e.* before the Petition Dates.  The Court concludes
27 that these factual findings are not clearly erroneous, and are not an incorrect application of the
28 law.

5

**CONCLUSION**

For the foregoing reasons, the Court AFFIRMS the Bankruptcy Court's decision to grant summary judgment in favor of BOTW. The Court shall enter a separate judgment, and the Clerk shall close this file.

**IT IS SO ORDERED.**

Dated: September 26, 2014

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE